**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:

Sparhawk, LLC, *et al.*,[1] Case No. 26-10527-tml
Chapter 11
Debtors. Jointly Administered

**APPLICATION TO EMPLOY RITCHIE BROS. AUCTIONEERS (AMERICA), INC., MOTION TO APPROVE AUCTION, NOTICE OF ABANDONMENT OF CERTAIN ASSETS, AND MOTION TO DISBURSE NET PROCEEDS TO SECURED LENDERS**

Chapter 11 Trustee Matthew Brash ("Trustee") for Sparhawk, LLC, Sparhawk Properties LLC, Sparhawk Trucking, Inc., and Sparhawk Truck and Trailer, Inc. (each, a "Debtor" and collectively, the "Debtors"), by his counsel, Swanson Sweet LLP, hereby applies to the Court for (A) entry of an order authorizing the retention and employment of Ritchie Bros. Auctioneers (America), Inc. ("Ritchie Bros.") as auctioneer for the bankruptcy estates; (B) entry of an order authorizing the auction of truck and trailer assets free and clear of all liens, claims, interests and encumbrances (the "Auction"); and (C) authorizing the Trustee to disburse the net proceeds of the Auction to secured lenders, along with giving notice of the Trustee's abandonment of certain assets. In support of his Motion, the Trustee states as follows:

[1] Jointly administered with Sparhawk Properties LLC (Case No. 26-10528-11), Sparhawk Trucking, Inc. (Case No. 26-10529-11) and Sparhawk Truck and Trailer, Inc. (Case No. 26-10530-11).

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (N).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327(a), 330, 363, 544, and Rules 2014(a), 2016, 6004, and 6005 of the Federal Rules of Bankruptcy Procedure.

## II. FACTUAL BACKGROUND

3. On March 13, 2026, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (ECF No. 1.) On April 24, 2026, WoodTrust Bank filed a Motion to Abstain, or in the Alternative, Motion to Appoint Chapter 11 Trustee. (ECF No. 41.) The Court entered the Order appointing the Trustee on April 27, 2026. (ECF No. 150.)

4. Although the Trustee sought to sell the assets of the Debtors as a going concern, that sale process was not successful. Accordingly, the Trustee has commenced the wind-down of the Debtors' operations. As part of this process, the Trustee is seeking authority to sell substantially all the Debtors' remaining trucks and trailers, totaling approximately 900 pieces of equipment (the "Assets") at an auction (the "Auction") to be conducted by Ritchie Bros.

## III. APPLICATION TO EMPLOY RITCHIE BROS. AUCTIONEERS (AMERICA), INC.

5. The Trustee seeks to employ Ritchie Bros. as auctioneer for the bankruptcy estates pursuant to 11 U.S.C. § 327(a), with compensation to be paid on a costs-incurred, plus commission basis pursuant to 11 U.S.C. § 328(a), and as defined further herein. A copy of the contract between the Trustee and Ritchie Bros., subject to approval of this Court as requested in this Motion, is attached hereto as **Exhibit A** (the "Contract"). The Trustee intends for Ritchie Bros. to conduct a public auction of the Assets listed on Exhibit A to the Contract (the "Assets").

6. The Trustee interviewed three different companies before deciding that engaging Ritchie Bros. as the auctioneer pursuant to the Contract was in the best interest of the estates. The Trustee decided on Ritchie Bros. due to its extensive national experience in commercial vehicle and equipment auctions, and the favorable financial terms offered to conduct the Auction.

7. Ritchie Bros. has agreed to conduct the Auction pursuant to the terms of the Contract including:

a. A commission paid by the relevant bankruptcy estate of 8% of the gross proceeds of the Auction; and

b. Reimbursement of the cost of the required bond in the amount of $37,700.00 and reimbursement of Refurbishing and Maintenance Work as set forth in the Contract; and

c. Payment of a Transaction Fee by the Purchaser of equipment pursuant to this schedule:

| Winning Bid for a Lot | Transaction Fee |
|---|---|
| USD $30,000 or less | 10% of the winning bid; with a minimum fee of USD $100 per Lot |
| Greater than USD $30,000 up to and including USD $75,000 | 5.5% of the winning bid; with a minimum fee of USD $3,000 per Lot |
| Greater than USD $75,000 | USD $4,125 |

The above-described consideration constitutes the only compensation to Ritchie Bros. in this matter with respect to the Auction.

8. The Trustee respectfully requests that Ritchie Bros.' compensation structure as set forth in the Contract be approved as part of this Motion. The Trustee believes that this is appropriate under the circumstances given the nature of Ritchie Bros.' engagement.

9. In support of this Motion, Devin Norris has executed a declaration in support of this Motion, a copy of which is attached as **Exhibit B**. Based on his declaration, the Trustee believes that Ritchie Bros. is a "disinterested person" as that term is defined in the Bankruptcy Code. 11 U.S.C. §§ 101(14), 327(a).

## IV. MOTION TO SELL ASSETS PURSUANT TO PUBLIC AUCTION

10. The Trustee, as successor in interest to the debtor in possession, has an interest in the Assets. However, many of the Assets are subject to the security interest of secured lenders as indicated on Exhibit A to the Contract.

11. Section 363(b) provides, in part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Under Section 363, the [trustee] can sell property of the estate outside the ordinary course of business if: he has an 'articulated business justification,' . . . he provides adequate notice to all creditors, and a hearing is held on the sale." *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). A trustee's business justification warrants judicial approval if it "makes good business sense" and "the creditors as a whole . . . benefit." *Retired Pilots Ben. Pro. Ass'n v. United Airlines, Inc.*, 443 F.3d 565, 571–72 (7th Cir. 2006); *see also In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (sale must be "in the best interest of the estate").

12. Here, the Trustee submits auctioning the Assets pursuant to the Contract is an exercise of his sound business judgment, will benefit creditors collectively, and is in the best interests of the bankruptcy estates. The Trustee has determined that selling the Assets at public auction is the best and most reasonable means of obtaining the highest and best price for the Assets and maximizing net proceeds for the benefit

of the estates because the Assets will be exposed to the broadest possible market through a competitive bidding process.

13. The Trustee proposes that the Assets be sold free and clear of liens, claims, interests, and encumbrances. Section 363(f) provides that a trustee (and, via Section 1104(a), a Chapter 11 Trustee) may sell property "free and clear of any interest in such property of an entity other than the estate" if "such entity consents." 11 U.S.C. § 363(f)(2), with the liens to attach to the proceeds of the sale.

14. After the Auction, Ritchie Bros. will disburse to the Trustee the net proceeds of the Auction, after withholding the expenses and commissions as set forth in the Contract (the "Net Proceeds"), pursuant to the Contract.

## V. EQUIPMENT LENDERS: NOTICE OF ABANDONMENT OR MOTION TO DISBURSE

15. Certain lenders hold properly perfected security interests in individual Assets to be included in the Auction. While WoodTrust Bank holds a secured claim in most of the Assets, several equipment lenders (the "Equipment Lenders") hold properly perfected secured claims in certain items of the Assets (the "Equipment Lender Collateral") as follows:

| Equipment Lender | Proof of Claim | Collateral Wisconsin VINs |
|---|---|---|
| PNC Bank, N.A./Hyundai Translead Trailer Finance | Claim No. 5, 26-10529<br>Amount: $297,091.70 | 527SR5320RL035246<br>527SR5322RL035247<br>527SR5328RL035219<br>527SR5325RL035131 |
| Nicolet National Bank | Claim No. 6, 26-10529 | 3AKJHHDR8SSWC4546 |

| | | |
|---|---|---|
| | Amount: $569,213.13 | 3AKJHHDR1SSWC4548<br>3AKJHHDR3SSWC4549<br>3AKJHHDRXSSWC4547<br>1NKWGGGG20J172914<br>1NKWGGGG00J172913 |
| BMO Bank N.A. | Claim No. 2, 26-10529<br>Amount: $878,614.81 | 3AKJHHDR6SSWE4567<br>3AKJHHDR6SSWE4570<br>3AKJHHDR8SSWE4568<br>3AKJHHDR8SSWE4571<br>3AKJHHDR4SSWE4566 |
| Wells Fargo Equipment Finance, Inc. | Claim No. 2, 26-10527<br>Amount: $927,419.25 | 3AKJHHDR0SSWE4564<br>3AKJHHDR2SSWE4565<br>3AKJHHDR5SSWE4561<br>3AKJHHDR7SSWE4562<br>3AKJHHDR9SSWE4563 |
| Daimler Truck Financial Services USA LLC | Claim No. 11, 26-10529<br>Amount: $985,734.18 | 3AKJHHDR9SSWE4577<br>3AKJHHDR1SSWE4573<br>3AKJHHDR3SSWE4574<br>3AKJHHDR5SSWE4575<br>3AKJHHDR7SSWE4576<br>3AKJHHDRXSSWE4572 |

The Trustee does not believe that the Equipment Lender Collateral will sell at Auction for more than the individual Equipment Lender's secured claim. Still, the Trustee is continuing to work with the Equipment Lenders to determine which of them will choose to include their collateral in the Auction.

16. The Trustee gives notice that he intends to abandon the collateral of any of the Equipment Lenders that choose not to participate in the Auction pursuant to 11 U.S.C. § 544(a) as that collateral is, in the Trustee's business judgment, burdensome to the Debtors' estates and/or of inconsequential value and benefit to the Debtors' estates.

17. Regarding Equipment Lenders who choose to participate in the Auction, the Trustee requests authority to disburse the net proceeds of the sale of the relevant Equipment Lender Collateral, in full or partial satisfaction of the Equipment Lender's, up to the amount of its filed Proof of Claim and without further notice or hearing. The Trustee will hold the balance of the sale proceeds, if any, to be disbursed pursuant to further order of this Court.

## VI. MOTION TO DISBURSE: WOODTRUST BANK

18. Among other liens, WoodTrust Bank holds properly perfected secured claims based on its title liens in most of the Assets (the "WoodTrust Title Collateral") and is owed approximately $9.8 million by the Debtors (*See*, Proof of Claim No. 8, filed in Case No. 26-10527; Claim 2, filed in Case No. 26-10528, Claim 10, filed in Case No. 26-10529, Claim 3, filed in Case No. 26-10530). After holding back $500,000.00 from the sale of the WoodTrust Title Collateral Assets, the Trustee is requesting to disburse the remainder of the net proceeds from the sale of the WoodTrust Title Collateral at Auction to WoodTrust Bank in full or partial satisfaction of its claim, up to the amount of its secured claim at the time of the disbursement, without further notice or hearing. The Trustee will hold the $500,000.00 subject to further agreement of WoodTrust and the Trustee, or further order of this Court.

19. Some of the Assets do not have a properly perfected title lien, as indicated on Exhibit A to the Contract (the "Non-Title Lien Assets"). Pursuant to the Final Agreed Order Authorizing Use of Cash Collateral and Granting Adequate

Protection (ECF No. 329) (the "Cash Collateral Order"), WoodTrust has a replacement lien on assets of the Debtors and WoodTrust is entitled to be reimbursed from the sale of the Non-Title Lien Assets, but only to the extent allowed for in the Cash Collateral Order. Accordingly, the Trustee will hold the net proceeds from the sale of the Non-Title Lien Assets subject to further order of this Court.

## VII. WAIVER OF BANKRUPTCY RULE 6004(H)

20. The Trustee requests a waiver of any stay of the effectiveness of an order approving the sale of the Assets. Under Fed. R. Bankr. P. 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash is stayed until the expiration of fourteen (14) days from entry of the order, unless the court orders otherwise." This Motion and the Contract contemplate that successful bidders will pay for and receive their property shortly after the conclusion of the Auction, which the Trustee anticipates will occur in November of 2026, with some of the Assets possibly being held until an auction in December of 2026, if necessary. Accordingly, the Trustee requests that any order authorizing the sale of the Assets be effective immediately upon entry of such order and that the fourteen-day stay imposed by Rule 6004(h) be waived.

## VIII. CONCLUSION

21. For the reasons stated above, the Trustee respectfully requests that the Court enter an order: (A) authorizing the retention and employment of Ritchie Bros. as auctioneer pursuant to the Contract; (B) authorizing the sale of the Assets free and

clear of all liens, claims, interests, and encumbrances pursuant to the Contract; (C) authorizing the Trustee to distribute the net proceeds from the Auction as set forth in this Motion; and (D) granting such other relief as the Court deems just and appropriate. A proposed form of order is attached to this combined filing as **Exhibit C.**

Dated: September 14, 2026.

SWANSON SWEET LLP

By: /s/ Rebecca R. DeMarb
Rebecca R. DeMarb
Virginia E. George
Michael C. Jurkash
Benjamin J. R. Karbowski
759 N. Milwaukee St., Suite 305
Milwaukee, WI 53202
Tel: (414) 877-1555
Fax: (414) 269-8479
rdemarb@swansonsweet.com
vgeorge@swansonsweet.com
mjurkash@swansonsweet.com
bkarbowski@swansonsweet.com

***Counsel for Matthew Brash, Chapter 11 Trustee***

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

In re:

| | |
|---|---|
| Sparhawk, LLC, *et al.*,[1] | Case No. 26-10527-tml |
| | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING AND APPLICATION TO EMPLOY RITCHIE BROS. AUCTIONEERS (AMERICA), INC., MOTION TO APPROVE AUCTION, NOTICE OF ABANDONMENT OF CERTAIN ASSETS, AND MOTION TO DISBURSE NET PROCEEDS TO SECURED LENDERS**

**PLEASE TAKE NOTICE** that on **October 13, 2026** at **1:00 p.m., central time**, Swanson Sweet LLP will appear via Zoom before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place, and present the Application to Employ Ritchie Bros. Auctioneers (America), Inc. ("Ritchie Bros."), Motion to Approve Auction, Notice of Abandonment of Certain Assets, and Motion to Disburse Net Proceeds to Secured Lenders (the "Combined Motion") of Matthew Brash, the Chapter 11 trustee for the bankruptcy estates of Sparhawk, LLC, Sparhawk Properties LLC, Sparhawk Trucking, Inc. and Sparhawk Truck and Trailer, Inc.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

[1] Jointly administered with Sparhawk Properties LLC (Case No. 26-10528-11), Sparhawk Trucking, Inc. (Case No. 26-10529-11) and Sparhawk Truck and Trailer, Inc. (Case No. 26-10530-11).

If you do not want the Court to approve the Combined Motion, you or your attorney must do both of the following:

1. **File a Written Objection.** If you do not want the Court to grant the relief sought in the Combined Motion, or if you want the Court to consider your views on the matter, then no later than **twenty-one (21) days from the date of this Notice**, you or your attorney must:

File with the Court a written objection at:

United States Bankruptcy Court
Western District of Wisconsin
ATTN: Clerk of Court
120 North Henry st., Room 340
Madison, WI 53703

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to:

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, WI 53715

Swanson Sweet LLP
759 N Milwaukee St.
Suite 305
Milwaukee, WI 53202

Any objection should state briefly the grounds for such objection and request a hearing date. Unless a written request for hearing is filed with the Court and copies mailed as instructed above, on or before the date indicated above, the Court may enter an order granting the relief requested.

2. **Attend the Hearing**. In addition to filing a written objection, you or your attorney must attend the hearing scheduled before the Honorable Thomas M. Lynch on **October 13, 2026** at **1:00 p.m., central time**, via Zoom video conference.

To appear by Zoom using the internet, go to this link: https://www.zoomgov.com/. Then, enter the meeting ID 160 291 5226 and passcode 852255. To appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then, enter the meeting ID 160 291 5226 and passcode 852255.

If you or your attorney fails to take both of these steps, the Court may decide that you do not oppose the Combined Motion and may enter an Order granting the relief requested without further notice or hearing.

The Combined Motion asks the Court to grant the Trustee the authority to employ Ritchie Bros. to conduct a public auction (the "Auction") in November of 2026, and possibly in December of 2026, for substantially all remaining trucks and trailers owned by the Debtors, up to 904 items of equipment (the "Assets"). An itemized list of the Assets, with their vehicle identification numbers, to be included in, or potentially included in, the Auction is attached as an exhibit to the Combined Motion. The Trustee is asking the Court to authorize the sale of the Assets free and clear of all liens, claims, interests, and encumbrances. The Trustee is asking the Court for the authority to use the proceeds of the sale of the Assets to pay Ritchie Bros. pursuant to the Contract and to disburse the net proceeds to certain lien

holders as stated in the Combined Motion. Finally, the Trustee is giving notice that he will abandon certain Assets with liens if the lienholder chooses not to participate in the Auction.

Interested bidders may contact mpieper@swansonsweet.com or call Mindy Pieper at 608.709.5992 for more information.

TO ALL LIEN AND INTEREST HOLDERS: Pursuant to Fed. R. Bankr. P. 6004(c), a complete copy of the Combined Motion is enclosed and being served upon you. If you are receiving this Notice but not a complete copy of the Combined Motion, you may request a full copy of the Combined Motion by emailing mpieper@swansonsweet.com or calling Mindy Pieper at 608.709.5992.

Dated: September 14, 2026.

**SWANSON SWEET LLP**

By: /s/ Rebecca R. DeMarb

Rebecca R. DeMarb
Virginia E. George
Michael C. Jurkash
Benjamin J. R. Karbowski
759 N. Milwaukee St., Suite 305
Milwaukee, WI 53202
Tel: (414) 877-1555
Fax: (414) 269-8479
rdemarb@swansonsweet.com
vgeorge@swansonsweet.com
mjurkash@swansonsweet.com
bkarbowski@swansonsweet.com

***Counsel for Matthew Brash, Chapter 11 Trustee***